IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. |
| v. | ) ) ) | **COMPLAINT** <br> **JURY TRIAL DEMAND** |
| DART CONTAINER CORPORATION, | ) ) ) | |
| Defendant. | ) ) | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices that discriminate on the bases of race (black) and national origin (Sudanese) and to provide appropriate relief to Ibrahim A. Al-Badawi ("Al-Badawi"), who was adversely affected by such practices while employed by Defendant, Dart Container Corporation (hereinafter "Dart"). As articulated with greater particularity in paragraphs 7 below, the Commission alleges that Mr. Al-Badawi was denied promotion to available First Line Supervisor positions, while similarly-situated non-black and non-Sudanese employees were promoted into these supervisory positions.

In addition, the Commission alleges that a class of similarly-situated black and Hispanic employees were discriminated against when they were not selected or considered for available supervisory positions while less-qualified white and non-Hispanic employees were promoted, in violation of Title VII. As a result of the discriminatory employment practices, Mr. Al-Badawi and the class members suffered back pay damages, and severe emotional distress damages,

including humiliation, inconvenience, and loss of life's pleasures.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to §706(f) (1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States for the Eastern District of Pennsylvania.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, as amended 42 U.S.C. § 2000(e)-5(f)(1) and (3).

4. At all relevant times, Defendant Dart Container Corporation has been and is now doing business in the Commonwealth of Pennsylvania, and the City of Leola, and has continuously had at least 15 employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000(e)(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Ibrahim Al-Badawi filed a charge with the Commission alleging violations of Title VII by Defendant Employer. All

conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least September 2004, Defendant Employer has engaged in unlawful employment practices at its Lancaster County location in Leola, PA, in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000(e)-2(a)(1), by failing to timely promote Mr. Al-Badawi to an available supervisory position because of his race (black), and national origin (Sudanese), as follows:

(a) Ibrahim Al-Badawi was hired by Defendant on or about June 16, 1997, as a Packer. In June 1998, he was promoted to Machine Mechanic, and thereafter in 2002, was again promoted to Lead Mechanic. At all relevant times, Mr. Al-Badawi's performance was satisfactory. In September 2004, he held an Associate Decree in Engineering and was attending Penn State University to earn a Bachelor's Degree in Mechanical Engineering Technology.

(b) In or about September of 2004, Mr. Al-Badawi applied for a posted Cup Relief Supervisor position for his shift. At the time of his application, he had acted as Cup Relief Supervisor for at least three (3) years on the 4 pm to 12 am shift. In that capacity, he supervised approximately 35-40 employees in various jobs, including Inspectors, Packers, Mechanics and Material Handlers.

(c) In November 2004, Mr. Al-Badawi was advised by Defendant's Plant Manager, Kerry Noggle (white), that he did not receive the promotion because he was "not qualified." Mr. Al-Badawi learned that Defendant promoted Karastina Ruhl (white/non-Sudanese) to the position, despite her complete lack of operations experience in foam cup machinery and manufacturing. Consequently, she had to be trained in the position, while Mr. Al-Badawi already had the skills and knowledge about the equipment, and prior experience in the job as an Acting

Supervisor.

(d)   In March 2005, Mr. Al-Badawi again applied for an available Cup Plant Shift Supervisor position which was posted. In May 2005, he was advised by Human Resources Manager John Veser that he was again not selected for the promotion.

(e)   On May 2, 2005, Defendant promoted Kurt Rager (white/non-Sudanese) to the Cup Plant Supervisor position. At the time of his promotion, Rager had four years of supervisory experience, and had been offered supervisory training by Defendant. Moreover, because Mr. Rager had no knowledge of or experience in cup manufacturing and operations, Mr. Al-Badawi trained him on the relevant equipment.

8.   Since at least 2004, Defendant Employer has engaged in unlawful employment practices at its Leola, PA location in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000(e)-2(a)(1), by failing to promote a class of qualified black and Hispanic employees to available supervisory positions, as follows:

(a)   Despite the applications of qualified black and Hispanic employees for available and posted supervisory positions at the Leola facility, Defendant has failed to promote these individuals, while instead, promoting less qualified white employees for such positions.

(b)   Defendant's selecting officials use varying criteria when making supervisory decisions, which are ever changing and inconsistent. These inconsistent reasons for its promotional decisions make Defendant's employment practices a ready vehicle for discrimination.

(c) Despite the experience and skills of the class members, they have been denied promotion due to vague and subjective reasons, such as their "people skills" or because the

"inability to communicate effectively." Such articulated reasons are a pretext for discrimination against black or Hispanic individuals.

(d) While Defendant recently instituted a Supervisory Familiarization Program (SFP), it is not open to all employees, and is offered to certain individuals who have been denied promotion in the past. Thus, Defendant's training for supervision does not offer equal opportunities for advancement.

9. The effect of the practices complained of in paragraphs 7 and 8 above has been to deprive Ibrahim A. Al-Badawi and a class of black and Hispanic workers of equal employment opportunities, including promotion and/or training opportunities, and have otherwise adversely affected their status as employees because of their race and/or national origin.

10. The acts complained of in paragraphs 7 and 8 above were intentional.

11. The unlawful employment practices complained of in paragraphs 7 and 8 were done with reckless indifference to the federally protected rights of Ibrahim A. Al-Badawi and the class of black and Hispanic employees.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any other employment practice which discriminates on the bases of race and/or national origin.

B. Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for black and Hispanic employees, which provide for an opportunity to be promoted in the workplace, and which eradicate the

effects of its past and present unlawful employment practices.

C. Order Defendant Employer to institute and carry out anti-discrimination and anti-retaliation policies and complaint procedures.

D. Order Defendant Employer to institute and carry out complaint procedures which encourage employees to come forward with complaints regarding violations of its policies against discrimination.

E. Order Defendant Employer to institute and carry out a training program which shall promote supervisor accountability imposing on all managers and supervisory personnel a duty to actively monitor their work areas to ensure compliance with policies on non-discrimination and anti-retaliation; and requiring all managers and supervisors to report any incidents and/or complaints of discrimination and/or retaliation of which they become aware to the department charged with handling such complaints.

F. Order Defendant Employer to make whole Ibrahim A. Al-Badawi and the class members by providing appropriate back pay, with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

G. Order Defendant Employer to make whole Ibrahim A. Al-Badawi and the class members by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 7 and 8, and their respective sub-parts, above, including, but not limited to out-of-pocket losses, in amounts to be determined at trial.

H. Order Defendant Employer to make whole Ibrahim A. Al-Badawi and the class members by providing compensation for past and future non-pecuniary losses resulting from the

unlawful practices complained of in paragraphs 7 and 8, and their respective sub-parts, above, including pain and suffering, humiliation, embarrassment, loss of life's enjoyment and pleasures, depression, anxiety and inconvenience, in amounts to be determined at trial.

I.	Order Defendant Employer to pay Ibrahim A. Al-Badawi and the class members punitive damages for its malicious and reckless conduct described in paragraphs 7 and 8 above, in amounts to be determined at trial.

J.	Grant such further relief as the Court deems necessary and proper in the public interest.

K.	Award the Commission its costs of this action.

### JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

RONALD COOPER
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Washington, DC 20507

*Jacqueline H. McNair (JHM)*
JACQUELINE H. MCNAIR
Regional Attorney

*Judith A. O'Boyle*
JUDITH A. O'BOYLE
Supervisory Trial Attorney

*Terrence R. Cook*
Terrence R. Cook
Supervisory Trial Attorney

*Marisol Ramos*
MARISOL RAMOS
Trial Attorney
Marisol.Ramos@eeoc.gov
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
801 Market Street, Suite 1300
Philadelphia, PA 19107
Telephone (215) 440-2619